# EXHIBIT A

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| AMERICAN INCOME LIFE INSURANCE COMPANY, | AAA CASE NO.: 01-23-0002-6899 |
| Claimant, | |
| vs. | **SUBPOENA TO PRODUCE DOCUMENTS** |
| VALENTINO KALAJ and CARL GRETZ, | |
| Respondents. | |

**SUBPOENA TO PRODUCE DOCUMENTS**

TO:   FFL Onyx, LLC

     SERVE:   ZenBusiness, Inc., as its registered agent
336 E. College Ave.
Suite 301
Tallahassee, FL 32301

By the authority of the undersigned pursuant to Section 7 of the Federal Arbitration Act (9 U.S.C. § 7 ("Section 7")), and on behalf of the arbitration tribunal (the "Arbitration Tribunal") in the above-captioned arbitration, pending before the American Arbitration Association in Michigan, **YOU ARE COMMANDED** to produce and permit the inspection and copying of the documents or objects identified in the attached **Exhibit A** at the place, date and time specified below:

Place for Physical Production/Mailing Address:

    Husch Blackwell, LLP
8001 Forsyth Blvd
Suite 1500
St. Louis, MO 63105

For Electronic/Virtual Production:

    gregg.sofer@huschblackwell.com, david.sobelman@huschblackwell.com, melissa.baris@huschblackwell.com, and jason.fathallah@huschblackwell.com

With a courtesy copy of any response and production to be made to:

Mark C. Rossman
ROSSMAN, P.C.
2145 Crooks Road, Suite 220
Troy, Michigan 48084
mark@rossmanpc.com

Date & Time:  **November 20, 2023.**

If you refuse or neglect to obey this SUMMONS, the United States District Court for the Eastern District of Michigan, upon petition, may compel your attendance, or punish you for contempt in the same manner provided by law in the United States courts. *See* 9 U.S.C. § 7.

You may address questions concerning this SUMMONS to the attorneys identified below who requested this SUMMONS. Any application by you to challenge or modify this SUMMONS in whole or in part should be addressed to the Arbitral Tribunal in writing, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 may also be addressed to the United States District Court for the Eastern District of Michigan.

The attorneys requesting this subpoena are:

Husch Blackwell, LLP
Gregg Sofer, gregg.sofer@huschblackwell.com, (202) 378-2383
David Sobelman, david.sobelman@huschblackwell.com, (314) 480-1500
Melissa Baris, melissa.baris@huschblackwell.com, (314) 480-1500
Jason Fathallah, Jason.fathallah@huschblackwell.com, (414) 978-5502


DATED: November ___, 2023

_____
Name: Donald Gasiorek
Arbitrator

2

## **EXHIBIT A**

### **DEFINITIONS AND INSTRUCTIONS**

1. Wherever the term "Document," "Documents," "document" or "documents" is used, it shall be defined to be synonymous in meaning and equal in scope to the usage of the term "document or electronically stored information" in FED. R. CIV. P. 34(a)(1)(A), which includes, but is not limited to, correspondence, memoranda (internal or otherwise), facsimiles, recordings of any type, notes (whether typed or handwritten), transcripts, contracts, diaries, calendars, brochures, logs, statements, notices, computer data or discs, records, agreements, telexes, texts, instant messages, e-mails, reports, studies, books or records of account, bank account records, checks, invoices, ledgers, outlines, summaries, communications, drafts and/or non-identical or similar copies of any or more of the foregoing, whether in paper form or any electronic form whatsoever, however denominated and by whomever prepared and to whomever addressed.

2. The term "Communication," "Communications," "communication," or "communications," shall include any oral or written discussions, conversations, memoranda, correspondence or other documents in which information was conveyed from one person to another, including any computer or electronically generated matter or information of any kind, whether or not currently existing in printed form, including that generated by electronic mail system, text, instant messaging or otherwise, and including any video or oral recordings of same.

3. Whenever the phrase "relate to," "relates to," "related to," "relating to," "concerning," or "regarding" is used herein, it shall mean consist of, refer to, reflect on, arise out of, or be in any way or manner legally, factually, or logically connected with the matter discussed.

4. The term "person" or "persons" shall include natural persons, firms, partnerships, associations, joint ventures, corporations, agencies, boards, authorities, commissions, and any other form of legal entity.

5. The words "and" and "or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

6. "Each" shall be construed to include "every" and "every" shall be construed to include "each."

7. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

8. As used herein, a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the request all documents which might otherwise be construed to be outside its scope.

9. As used herein, a plural noun shall be construed as a singular noun and a singular noun shall be construed as a plural noun, whichever is necessary to bring within the scope of the request all responses which might otherwise be construed to be outside its scope.

10. The term "AIL" refers to American Income Life Insurance Company, and any of its representatives, agents, employees, officers, directors, and all other persons presently or previously acting or purporting to act on their behalf.

11. The term "FFL" refers to Family First Life, LLC and each of its present and former agents, agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated independent contractor insurance agents, affiliated independent marketing organizations ("IMOs"), and affiliated agencies, including without limitation FFL Operation Liberation, FFL Onyx, FFL Metamorphosis, Orbix, FFL Great Lakes, FFL Tri-State, Tri-State Financial, FFL Capital, FFL Sapphire, Risen Financial, FFL Big Sky, FFL Conglomerate, FFL Invictus, FFL Insurgence, and FFL Associates.

12. The term "FFL Onyx" refers to FFL Onyx LLC, a limited liability company organized under Florida law, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Elton Yaldo and Valentino Kalaj.

13. The term "MR Financial" refers to MR Financial Group LLC, a limited liability company organized under Michigan law, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Mohamad Raychouni.

14. The term "FFL Operation Liberation" refers to FFL Operation Liberation, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Mohamad Raychouni.

15. The term "FFL Tri-State" refers to Tri-State Financial Services, Inc., with its principal place of business at 120 Eagle Rock Ave, Suite 210, East Hanover, NJ 07936, and/or Family First Life Tri-State, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Marc Meade.

16. The term "FFL Metamorphosis" refers to FFL Metamorphosis, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Mohamad Raychouni and Kayla Rojo.

17. The term "Orbix" refers to Orbix LLC, a limited liability company organized under Michigan law, and each of its present and former agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, assigns, affiliated individuals, affiliated agencies, and agents, including Mohamad ("Mike") Hamade.

18. The term "Integrity" refers to Integrity Marketing Group, LLC, and each of its present and former agents, agencies, servants, officers, directors, members, employees, independent contractors, affiliated companies, affiliated entities, predecessors, partners, attorneys, insurers, reinsurers, sureties, executors, administrators, trustees, successors, and assigns.

19. The term "Risen" refers to Risen Financial, and any of its representatives, agents, employees, officers, directors, partners, and all other persons presently or previously acting or purporting to act on their behalf, including but not limited to Zach Hart.

20. The term "Arbitration" means the above-captioned arbitration proceeding, AAA Case No. 01-23-0002-6899, pursuant to which this subpoena is issued.

21. These requests are deemed to be continuing in nature. In the event any information, documents or materials come to your attention or come into your possession, custody, or control after the filing of your responses hereto, which are within the scope of any request made herein, said additional information, documents, or materials shall be furnished promptly by you to AIL's attorneys.

22. In the event that you learn that your responses to any request herein are in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to AIL, you shall promptly amend such prior responses.

23. If any of the documents requested contain information that you in good faith assert is protected from disclosure by statute or common law or contains commercially sensitive information, including but not limited to confidential policyholder information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available, then you may designate such documents as "CONFIDENTIAL," by marking each page of the material with a CONFIDENTIAL stamp or designating an electronic file as CONFIDENTIAL, and such CONFIDENTIAL materials will be covered by the Protective Order to be entered in this Arbitration proceeding.

24. If you refuse to answer any request in whole or in part, then state the grounds for such refusal, including any claim of privilege or any claim of immunity from disclosure. If any claim is made that any information requested is privileged or constitutes attorney's work product and such information is not provided, in lieu of each such response a written statement or privilege log is to be given that describes the factual basis of the purported privilege or claim of work product in sufficient detail so as to permit the adjudication of the validity of the claim.

25. If any request is objected to as being vague or overbroad, then any information which you reasonably believe is within the scope of the request should be divulged, and your objection should specify what is otherwise vague or overbroad about the request.

26. If you are aware of a document that is responsive to any of these requests and claim that you do not have possession or control of the document, then: (a) identify the type of document (e.g., memorandum or letter); (b) identify the date of the document; (c) identify the person(s) responsible for creating and/or sending the document and the person(s) who received the document; (d) state, in detail, the contents of the document; and (e) identify the person(s) or entity currently or last known to be in possession of the document.

27. If any document requested is no longer in your possession or control or is no longer in existence, then state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and, if so, to whom; or (d) otherwise disposed of, and in each instance explain the circumstances surrounding such disposition, state the approximate date of the disposition and describe the contents of the document.

28. **This subpoena may be satisfied by producing copies via secure transmittal to AIL's counsel of record at gregg.sofer@huschblackwell.com, david.sobelman@huschblackwell.com, melissa.baris@huschblackwell.com, and jason.fathallah@huschblackwell.com, or, if necessary, mailing copies to the offices of: Husch Blackwell, LLP, 8001 Forsyth Blvd, Suite 1500, St. Louis, MO 63105, or by different place or method established by mutual agreement of you and AIL.**

29. You must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request.

30. You shall produce paper documents (i.e., those documents not kept electronically by you in the ordinary course of business) as single-page, Group IV, 300 DPI TIFF images with an image load file (.OPT file and .LFP file) and a delimited database load file (.DAT). Multi-page Optical Character Recognition ("OCR") text for each document should be provided. The OCR software should maximize text quality over process speed. Settings such as "auto-skewing" and "auto-rotation" should be turned on during the OCR process. The documents should be logically unitized (*i.e.*, distinct documents should not be merged into a single record, and a single document should not be split into multiple records). The text and image load files should indicate page breaks. If an original document contains color necessary to understand the meaning or content of the document, the document should be produced as single-page, 300 DPI, 24-bit color JPG images with the quality setting 75% or higher. This includes, but is not limited to, color on graphs, charts, presentations, edits, or highlights that

were made by hand, or electronically, on the original. Each TIFF page of a paper document should contain a Bates number.

31. Electronically stored information (ESI) and the database load file for both paper documents and for ESI shall be produced in accordance with the format and with the fields as set forth in the ESI case management order served upon you.

32. Unless otherwise stated or fairly implied by the context, each request shall be considered to request responsive documents dated, prepared during, or in effect or applicable during the time period **September 1, 2021 to the present**.

## DOCUMENT REQUESTS

1. Documents that reflect a list or identity of all policyholders to whom Valentino Kalaj, and/or any agents working or associated with Valentino Kalaj (including but not limited to Mohamad Raychouni and Elton Yaldo), have sold any policy of insurance, including the policyholders' names and addresses, the issuing insurers, dates of sale, selling agent, premiums received, and commissions or other compensation paid.

2. Documents that reflect a list or identity of all agents working within Valentino Kalaj's hierarchy (upline and downline) and/or coded to Valentino Kalaj during the time period September 1, 2021 to the present.

3. Documents that reflect a list or identity of all policyholders to whom any person working within Valentino Kalaj's hierarchy (upline and downline) and/or coded to Valentino Kalaj has sold any policy of insurance, including the policyholders' names and addresses, the issuing insurers, dates of sale, selling agent, premiums received, and commissions or other compensation paid.

4. Documents that reflect a list or identity of all individuals working for or with or otherwise associated with FFL Onyx during the time period September 1, 2021 to the present.

5. Documents that reflect a list or identity of all policyholders to whom any agent working for or with or otherwise associated with FFL Onyx has sold any policy of insurance,

7

including the policyholders' names and addresses, the issuing insurers, dates of sale, selling agent, premiums received, and commissions or other compensation paid.

6. Documents that reflect a list or identity of all policyholders with respect to whom Valentino Kalaj or Elton Yaldo has received any form of compensation, commission, bonus, or other payment, whether received directly or indirectly (including, without limitation, policyholders for whom Valentino Kalaj or Elton Yaldo has received compensation, commission, bonus, or other payment through the sale of a policy by an agent in his hierarchy or coded to him), including the policyholders' names and addresses, the issuing insurers, dates of sale, selling agent, premiums received, and commissions or other compensation paid.

7. All documents and communications reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment made by FFL Onyx (including but not limited to payments related to sale of policies by FFL Onyx agents) to Valentino Kalaj, Mohamad Raychouni, Marc Meade, FFL, Integrity, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, Mohamad Ali ("Mike") Hamade, Carl Gretz, and/or Elton Yaldo.

8. All documents and communications reflecting or relating to any form of compensation, commission, bonus, reimbursement or other payment received by FFL Onyx from any source (including but not limited to any insurance carrier, FFL, Integrity, Valentino Kalaj, Mohamad Raychouni, Marc Meade, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, Elton Yaldo, Mohamad Ali ("Mike") Hamade, and/or any other person or entity), whether directly or indirectly, based on insurance policies sold by Valentino Kalaj and/or any agents working or associated with him or in his hierarchy or coded to him, including but not limited to Mohamad Raychouni and Elton Yaldo.

9. All documents and communications reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment made to Valentino Kalaj by any person or any entity (including but not limited to Mohamad Raychouni, Marc Meade, Mohamad ("Mike") Hamade, Elton Yaldo, FFL, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, and Integrity) based on insurance policies sold by Valentino Kalaj and/or any agents working or associated with him or in his hierarchy or coded to him, including but not limited to Mohamad Raychouni and Elton Yaldo.

10. All documents and communications reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment received by any individual or entity other than Valentino Kalaj (including but not limited to Mohamad Raychouni, Elton Yaldo, Marc Meade, Mohamad Ali ("Mike") Hamade, FFL, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix and/or Integrity), whether directly or indirectly, based on insurance policies sold by Valentino Kalaj or agents working or associated with Valentino Kalaj or in his hierarchy or coded to him.

11. All documents and communications referring or relating to pooling of sales of insurance policies by two or more agents working or associated with FFL Onyx or Valentino Kalaj or in his hierarchy or coded to him.

12. All documents and communications between and/or among FFL Onyx and Marc Meade and/or FFL Tri-State.

13. All documents and communications between and/or among FFL Onyx and Mohamad Raychouni, FFL Operation Liberation, and/or MR Financial.

14. All documents and communications between and/or among FFL Onyx and Orbix and/or Mohamad ("Mike") Hamade.

9

15. With respect to each of the following agents, provide (1) a list of all policyholders to whom the agent sold any policy, (2) documents reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment paid to such persons by FFL, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, or Orbix; and (3) documents reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment received by FFL, FFL Onyx, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, Mohamad Raychouni, Marc Meade, Elton Yaldo, Mohamad ("Mike") Hamade or Valentino Kalaj related to insurance policies sold by such agent:

- Besim Nikaj
- Brandon Dusevic
- Jerome ("Jerry") Benenati
- Andrew Callaghan
- Alexander ("Alex") Bennage
- Adam Chesney
- Morad Ahmed
- Carl Gretz
- Christian Ramaj
- Rod Akmed
- Fayaz Barrak
- Anton Ljuljdjuraj
- Andre Bzhetaj
- Mitchell Gralewski

- Dhruv Sachdeva (a/k/a Drew Scott)
- Shady Abdeljaber
- Ahmad ("Jake") Zayat
- Christopher Roosa
- Elton Yaldo
- Mohamad Ali Hamade (a/k/a Mike Hamade)
- Silvar Afram
- Ali Bazzi
- Dimo Joannidis
- John Gjokaj
- Nick Gojcaj
- Christian Gojcaj
- Joseph Gojcaj
- Hussain Hamid
- Mahdi Dergham
- Irshad Abdulmajeed
- Steven Phillips
- Benzack ("Ben") Cooper
- Francesco Cusumano
- Mohammad Kameledinne
- Andrew Bajeu
- Gianni Arvanitis
- Yousif Hassan

11

- Yeahiya Hossain
- Rabih Hamka
- Steven Halm
- Andy Burton
- Donna White
- Matt Roebke
- Victor Kalaj
- Chad Johnson
- Faith Payne
- Moe Saad (or Moe Sobh)
- Anthony Saado
- Chris Gilbert
- Dawson Neuner
- Sam Chehab (a/k/a Hussein Sam Chehab)
- Salam Badri
- Simon Attisha
- Ahmed Kassem
- Timur Avanesian
- Julian Dickenson
- John Shea
- Marc Albo
- Peter Butrus
- Kyle Abraham

- Brenden Lewis
- Maria Berishaj
- Blake Jerrin (or Jerrin Blake)
- Kayla Rojo
- Dominic Goreyoka
- Donovan Isho
- Martin Asknder
- Ismael Tahan

16. All documents and communications reflecting, relating to, or referring to current or former AIL agents that are currently or were formerly affiliated with FFL Onyx.

17. All documents and communications reflecting, relating to, or referring to recruitment of AIL agents.

18. All documents and communications reflecting, relating to, or referring to (1) any policyholder information or leads that the following individuals or entities provided, sold, or brought to FFL Onyx or (2) any source(s) of leads provided, accessed, or used by the following individuals or entities:

- Valentino Kalaj and/or any agents working or associated with him or in his hierarchy or coded to him
- Elton Yaldo and/or any agents working or associated with him or in his hierarchy or coded to him
- Mohamad Raychouni and/or any agents working or associated with him or in his hierarchy or coded to him

13

- Mohamad ("Mike") Hamade and/or any agents working or associated with him or in his hierarchy or coded to him

- Brandon Dusevic and/or any agents working or associated with him or in his hierarchy or coded to him

- Carl Gretz and/or any agents working or associated with him or in his hierarchy or coded to him

- Any other current or former AIL agent not named above

19. All documents and communications reflecting, relating to, or referring to any communications by any current, former, and/or prospective AIL policyholders regarding FFL Onyx and/or Valentino Kalaj and/or any agents working or associated with Valentino Kalaj or in his hierarchy or coded to him, including but not limited to Mohamad Raychouni and Elton Yaldo.

20. All documents and communications relating to, referring to, or discussing any investigation or inquiry by any State's Department of Insurance (or similar regulatory body) regarding any agent working with or associated with FFL Onyx, FFL Operation Liberation, MR Financial, FFL Metamorphosis, Orbix, and/or FFL Tri-State, including but not limited to Valentino Kalaj, Elton Yaldo, Mohamad Raychouni, Carl Gretz, Mohamad ("Mike") Hamade, or Dhruv Sachdeva.

21. All documents and communications reflecting, relating to, or referring to any complaints by any current, former, and/or prospective AIL policyholders regarding any agents working or associated with FFL Onyx.

22. All communications (including but not limited to e-mails and text messages) from FFL Onyx or anyone associated with or working with FFL Onyx, to any current or former AIL policyholder.

23. All documents and communications reflecting, relating to, or referring to any current or former AIL policyholder(s) that any agent working for or with or otherwise associated with FFL Onyx has solicited or sold a policy of insurance to.

24. All documents and communications reflecting, relating to, or referring to any replacement of any AIL policy by any agent working for or with or otherwise associated with FFL Onyx.

25. All documents and communications reflecting or relating to FFL Onyx's policies, procedures, instructions and guidelines regarding replacements or cancellations of insurance policies issued by other carriers, including any training materials relating to same.

26. All documents and communications reflecting, relating to, or referring to any person's obtaining access to or use of AIL policyholder applications, AIL policyholder information, and/or AIL-generated leads.

27. All documents and communications reflecting, relating to, or referring to the acquisition, purchase, sale, access or use of any AIL policyholder applications, AIL policyholder information, and/or AIL-generated leads by any individual or entity.

28. All documents and communications reflecting, relating to, or referring to the provision of AIL policyholder applications, AIL policyholder information, and/or AIL-generated leads by or to any person.

29. All documents and communications reflecting, relating to, or referring to the payment of any money to any person to secure access to AIL policyholder applications, AIL policyholder information, and/or AIL-generated leads.

30. All documents and communications reflecting, relating to, or referring to the payment of any money to any person to secure credentials, logins, or any other access to any computer system of AIL or any AIL-affiliated system.

31. All contracts or agreements between FFL Onyx and the following individuals:
    - Valentino Kalaj
    - Mohamad Raychouni
    - Elton Yaldo
    - Carl Gretz
    - Marc Meade
    - Mohamad ("Mike") Hamade

32. All communications between FFL Onyx and any other person or entity (including but not limited to FFL, Integrity, Valentino Kalaj, Mohamad Raychouni, Mohamad ("Mike") Hamade, Marc Meade, Zac Twardowski, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, or Risen) discussing, referring to, or relating to Valentino Kalaj.

33. All communications between FFL Onyx and any other person or entity (including but not limited to FFL, Integrity, Valentino Kalaj, Mohamad Raychouni, Mohamad ("Mike") Hamade, Marc Meade, Zac Twardowski, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, or Risen) discussing, referring to, or relating to Mohamed Raychouni, FFL Operation Liberation, MR Financial, or FFL Metamorphosis.

34. All communications between FFL Onyx and any other person or entity (including but not limited to FFL, Integrity, Valentino Kalaj, Mohamad Raychouni, Mohamad ("Mike") Hamade, Marc Meade, Zac Twardowski, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, or Risen) discussing, referring to, or relating to Mohamed ("Mike") Hamade or Orbix.

35. All communications between FFL Onyx and any other person or entity (including but not limited to FFL, Integrity, Valentino Kalaj, Mohamad Raychouni, Mohamad ("Mike") Hamade, Marc Meade, Zac Twardowski, MR Financial, FFL Operation Liberation, FFL Tri-State, FFL Metamorphosis, Orbix, or Risen) discussing, referring to, or relating to Carl Gretz.

36. All communications between FFL Onyx and Carl Gretz.

37. All documents and communications referring to or relating to any relationship or business dealings between FFL Onyx and the following persons and/or entities, including the termination of any such relationship:

- Integrity
- FFL
- MR Financial
- FFL Operation Liberation
- Mohamad Raychouni
- Elton Yaldo
- FFL Metamorphosis
- FFL Tri-State
- Tri-State Financial
- Marc Meade

- FFL Capital
- Twardowski Enterprises Insurance Agency LLC
- Zac Twardowski
- Orbix
- Mohamad Ali ("Mike") Hamade
- Risen
- Zach Hart
- Valentino Kalaj
- Carl Gretz

38. All documents relating to the formation, membership, ownership, and initial capitalization of FFL Onyx.

39. All documents relating to the formation, membership, ownership, and initial capitalization of Onyx Leads Now.

40. All documents and communications relating to the source of leads provided, accessed, or used by Onyx Leads Now.

41. All documents and communications relating to FFL Onyx's lead center or the generation of any leads by FFL Onyx, including the source of the leads.

42. All documents and communications reflecting or relating to any form of compensation, commission, bonus, reimbursement, or other payment made by FFL Onyx to Mohamad Raychouni, MR Financial, FFL Metamorphosis, Orbix, and/or FFL Operation Liberation.

43. Any AIL policies, applications for AIL policies, or other documents pertaining to AIL policies or AIL policyholders that are in the possession, custody, or control of FFL Onyx or any of its agents.